UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KIRK J. ALFARO,

                      Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, TOWN OF SOUTHAMPTON,
SOUTHAMPTON TOWN POLICE DEPARTMENT,
POLICE OFFICER RICHARD T. STEEK (P.O. 5665),
SERGEANT MAHON and OFFICERS JOHN DOE
NOS. 1 through 10, sued in their individual and official
capacities,

                      Defendants.
------------------------------------------------------------------------X

**ANSWER**

CV 07-0747

       Defendants, TOWN OF SOUTHAMPTON and SOUTHAMPTON POLICE DEPARTMENT, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, answering plaintiff's complaint, respectfully allege the following:

       1.     The allegations contained in paragraph numbered "1", "2", "3", "4" and "5" of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

       2.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "7", "12", "13", "14" and "18" of the complaint.

       3.     Deny the allegations contained in paragraph numbered "15" of the complaint except admit upon information and belief that on March 29, 2006 Suffolk County Police arrested the plaintiff, Kirk J. Alfaro.

4. Deny the allegations contained in paragraph numbered "16", "19", "21", "22", "23", "24", "25", "26" and "30" of the complaint.

5. Deny upon information and belief the allegations contained in paragraphs numbered "17", "20" and "27" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "29" of the complaint, except admit receipt of a purported notice of claim and refer all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO COUNT I

7. In response to paragraph numbered "31" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

8. Deny the allegations contained in paragraphs numbered "32" and "33" of the complaint.

## AS AND FOR AN ANSWER TO COUNT II

9. In response to paragraph numbered "34" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

10. Deny the allegations contained in paragraphs numbered "35" of the complaint.

## AS AND FOR AN ANSWER TO COUNT III

11. In response to paragraph numbered "36" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

12. Deny the allegations contained in paragraphs numbered "37" of the complaint.

## AS AND FOR AN ANSWER TO COUNT IV

13. In response to paragraph numbered "38" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

14. Deny the allegations contained in paragraphs numbered "39" and "40" of the complaint.

## AS AND FOR AN ANSWER TO COUNT V

15. In response to paragraph numbered "41" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

16. Deny the allegations contained in paragraphs numbered "42" and "43" of the complaint.

## AS AND FOR AN ANSWER TO COUNT VI

17. In response to paragraph numbered "44" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

18. Deny the allegations contained in paragraphs numbered "45" and "46" of the complaint.

## AS AND FOR AN ANSWER TO COUNT VII

19. In response to paragraph numbered "47" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

Case 2:07-cv-00747-ADS-AKT   Document 11   Filed 04/02/07   Page 4 of 7 PageID #: 28

20. Deny the allegations contained in paragraphs numbered "48" and "49" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The damages sustained by the plaintiff, if any, were caused by the plaintiff's own culpable, reckless and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. The complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right under federal law or civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. No policy, statement, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorize a deprivation of the plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. No custom or practice adopted, followed, endorsed or ratified by the defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. The doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Municipal defendants are not liable for punitive damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to comply with statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. The defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30. The defendants at all times acted reasonably and in good faith in the discharge of their duties and responsibilities. The defendants reasonably believed that they were exercising and acting within their statutory and constitutional powers and pursuant to federal and/or state law. In performing such responsibilities, defendants are and were protected by absolute and/or qualified immunity.

## **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

31. The Southampton Town Police Department, as an agency of the Town of Southampton, is not an entity which is susceptible to suit.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and such other further relief as this Court shall deem just and proper.

Dated: Smithtown, New York
April 2, 2007

                                      Yours, etc.

                                      DEVITT SPELLMAN BARRETT, LLP
                                      By David H. Arntsen (7472)
                                      Attorneys for Defendants
                                      50 Route 111
                                      Smithtown, NY  11787
                                      (631) 724-8833

                                      ____/s/_____
                                      David H. Arntsen

TO:    FUTTERMAN & LANZA, LLP
         Attorneys for Plaintiff
         222 East Main Street, Suite 212
         Smithtown, NY 11787
         (631) 979-4300

         SUFFOLK COUNTY ATTORNEYS OFFICE
         Attorneys for County of Suffolk, Suffolk County
         Police Department, Police Officer Steek and
         Sergeant Mahon
         P.O. Box 6100
         H. Lee Dennison Building
         100 Veterans Memorial Highway
         Hauppauge, New York  11778

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                                              ) ss.:
COUNTY OF SUFFOLK    )

The undersigned being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Commack, New York.

That on April 2, 2007, deponent served the annexed **ANSWER** on:

    FUTTERMAN & LANZA, LLP
    Attorneys for Plaintiff
    222 East Main Street, Suite 212
    Smithtown, NY 11787
    (631) 979-4300

    SUFFOLK COUNTY ATTORNEYS OFFICE
    Attorneys for County of Suffolk, Suffolk County
    Police Department, Police Officer Steek and
    Sergeant Mahon
    P.O. Box 6100
    H. Lee Dennison Building
    100 Veterans Memorial Highway
    Hauppauge, New York 11778

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of United States Post Office.

                                                          _____/s/_____
                                                          PASQUALINA POLICARO

Sworn to before me this
2nd day of April, 2007

_____
NOTARY PUBLIC